PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1987 Cadillac DeVille struck rocks when claimant Mark Webb was traveling westbound on W. Va. Route 5 in Wirt County. W. Va. Route 5 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at around 5:40 a.m. on February 3, 2004, a rainy morning. W. Va. Route 5 is a two-lane road that is marked at the location of the accident as a “falling rock” area, with a speed limit of fifty-five miles per hour. Claimant Mark Webb was driving westboimd on W. Va. Route 5 when rocks from the hillside adjacent to W. Va. Route 5 fell into his lane of traffic. Mr. Webb stated that he caught sight of some smaller rocks moving in his lane so he applied the brakes and attempted to avoid them. His vehicle then struck larger rocks, which were about three to four feet in diameter, that were laying in the road. Claimants’ vehicle struck the rocks and sustained significant damage to the front of said vehicle totaling $4,069.29. Claimants’ vehicle was totaled as a result of this incident.
The position of the respondent was that it did not have notice of the rocks on W. Va. Route 5. Respondent admitted that the area in question is a rock fall area and stated that there are “rock fall” signs located at various locations along W. Va. Route 5 to warn drivers proceeding on the roadway. Jason Nichols, County Administrator for respondent in Wirt County, testified that this is an area that has rock falls occasionally and that there are rock fall signs placed along the highway. Mr. Nichols testified that there was no notice of any rock falls or potential rock falls in this area prior to the incident involved herein. Respondent maintains that there was no prior notice of any rocks on W. Va. Route 5 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. *8 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimants have not established that respondent failed to take adequate measures to protect the safety of the traveling public on W. Va. Route 5 in Wirt County. Respondent has placed “falling rock” warning signs to warn the traveling public of the potential for rock falls at this location. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.